IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-_____ |
| **VANTAGE DRILLING COMPANY, VANTAGE ENERGY SERVICES, INC., VANTAGE DRILLING INTERNATIONAL F/K/A OFFSHORE GROUP INVESTMENT LTD., AND VANTAGE INTERNATIONAL MANAGEMENT COMPANY PTE. LTD.** | § § § § § § § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

NATURE OF THE ACTION

1. This is an action under Title I of the Americans with Disabilities Act and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Charging Party David R. Poston ("Poston" or "Charging Party"). As alleged with greater particularity in paragraphs 17-23 below, Defendants Vantage Drilling Company, Vantage Energy Services, Inc., Vantage Drilling International f/k/a Offshore Group Investment Ltd., and Vantage International Management Company Pte. Ltd. have engaged in unlawful discrimination by terminating Charging Party because of his disability.

JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

1

Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendants Vantage Drilling Company, Vantage Energy Services, Inc., Vantage Drilling International f/k/a Offshore Group Investment Ltd., and Vantage International Management Company Pte. Ltd. (hereinafter "Defendants" or "Vantage") have each continuously been a Delaware corporation doing business in the State of Texas, in the City of Houston, County of Harris, including at the address of 777 Post Oak Blvd., Suite 800, Houston, Texas 77056, and have continuously had, or during the relevant time period had, at least fifteen (15) employees.

6. At all relevant times, Defendants operated as a single, integrated enterprise, and thus, a single employer, by establishing and maintaining (1) interrelation of operations, (2)

centralized control of labor relations, (3) common management, and (4) common ownership or financial control.

7.     At all relevant times, each Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

8.     At all relevant times, each Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9.     Vantage's registered agent for service of process is National Registered Agents, Inc., located at 160 Greentree Dr., Suite 101, Dover, Delaware 19904 or 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## ADMINISTRATIVE PROCEDURES

10.    More than thirty days prior to the institution of this lawsuit, Poston filed a charge of discrimination with the Commission alleging violations of the ADA by Vantage.

11.    On October 21, 2016, the Commission issued to Vantage a Letter of Determination finding reasonable cause to believe that the ADA was violated. The Commission then invited Vantage to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12.    The Commission engaged in communications with Vantage to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13.    The Commission was unable to secure from Vantage a conciliation agreement acceptable to the Commission.

14. On February 17, 2017, the Commission issued to Vantage a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16. Vantage is an international offshore drilling contractor which operates and manages a fleet of drilling rigs, including a drill rig known as the "Titanium Explorer," and provides contract drilling services to oil companies around the world.

17. Since at least 2014, Defendants have engaged in unlawful employment practices on the basis of disability in violation of Section 102(a) of the ADA, 42 U.S.C. §§ 12112(a).

18. Poston was employed by Vantage as the Titanium Explorer's Chief Electronic Technician from on or about February 11, 2011 to on or about October 2, 2014, when he was unlawfully terminated due to his disability – a heart condition, a history of such a condition, or being regarded as having such a condition.

19. Poston was targeted for termination while on short-term disability leave. Poston took disability leave due to a heart attack which resulted in a substantially limiting impairment to his cardiovascular major bodily functions. He was terminated immediately upon being medically released to return to work.

20. Poston is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), in that he has an impairment that substantially limits a major life activity or major bodily function, he has a record of an impairment that substantially limits a major life activity or major bodily function, and/or Defendants regarded him as having a disability. Respondent subjected Poston to an adverse employment action,

termination, on the basis of disability by discharging him because of his actual or perceived heart impairment.

21. The effect of these unlawful practices has been to deprive Poston of equal employment opportunities, and to otherwise adversely affect his employment status as an employee because of his disability within the meaning of the ADA.

22. The unlawful employment acts, omissions and practices complained of in paragraphs 17-21 above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

23. The unlawful employment practices complained of in paragraphs 17-21 above were done with malice or with reckless indifference to Poston's federally protected rights, within the meaning of Section 102(b)(1) of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole David R. Poston by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs

17-21 above, including, but not limited to, reinstatement of David R. Poston, where appropriate, or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

      D.      Order Defendants to make whole David R. Poston by providing compensation for past and future pecuniary losses resulting from their unlawful employment practices described in paragraphs 17-22 above, including, but not limited to, the value of lost insurance benefits, job search expenses, and other out-of-pocket expenses in amounts to be determined at trial.

      E.      Order Defendants to make whole David R. Poston by providing compensation for past and future non-pecuniary losses resulting from its unlawful practices complained of in paragraphs 17-22 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Defendants to pay David R. Poston punitive damages for their malicious and reckless conduct, as described in paragraphs 17-23 above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS

Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

RUDY SUSTAITA
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th floor
Houston, Texas 77002

/s/ Connie W. Gatlin
CONNIE WILHITE GATLIN
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
(713) 651-4976
(713) 651-7995 [facsimile]
connie.gatlin@eeoc.gov

7