**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

VANTAGE DRILLING COMPANY, VANTAGE ENERGY
SERVICES, VANTAGE DRILLING INTERNATIONAL F/K/A
OFFSHORE GROUP INVESTMENT LTD, AND VANTAGE
INTERNATIONAL MANAGEMENT COMPANY PTE. LTD.,

Defendant.

United States District Court
Southern District of Texas
**ENTERED**
December 20, 2021
Nathan Ochsner, Clerk

CIVIL ACTION
NO. 4:18-CV-00254

**CONSENT DECREE**

INTRODUCTION

The Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"),

brought this action against the Defendants, Vantage Energy Services, and Vantage

International Management Company, Pte. Ltd. ("Defendants")[1], under Title I of the

Americans with Disabilities Act of 1990, as amended, ("ADA") and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of disability

and to provide appropriate relief to David R. Poston ("Mr. Poston"). The EEOC's

complaint alleged that Defendants discriminated against Mr. Poston because of his

disability. The EEOC's complaint arose from Mr. Poston's charge of discrimination

("charge"), alleging the same. Prior to filing its complaint, the EEOC issued a letter

---

[1] The complaint also named Vantage Drilling Company and Vantage Drilling International,
f/k/a Offshore Group Investment, Ltd. as Defendants. Vantage Drilling Company was dismissed
by the Court pursuant to a 12(b)(6) motion and Vantage Drilling International was dismissed
pursuant to an agreed motion to dismiss. Neither entity is a party to this proposed consent decree.

1

of determination ("determination"), stating that there was reasonable cause to believe that Defendants violated the ADA. The EEOC issued a notice of conciliation failure after it was unable to secure a resolution acceptable to it. The Defendants have denied that they violated the ADA. In the interest of avoiding the costs and burdens of further litigation and having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

JURISDICTION & VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343 and § 1345. This action was authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C.§12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Venue lies in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

The parties agree that this Court has personal jurisdiction over them. Defendants agree that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ORDERED, ADJUDGED, AND DECREED**:

GENERAL

1.      This Decree resolves all claims and issues raised in Mr. Poston's charge, the EEOC's determination regarding that charge, and the EEOC's complaint in this action.

2.      The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against Defendants

3.      The parties shall each bear any costs and attorneys' fees they incurred in connection with this action.

4.      This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree.

5.      This Consent Decree represents the complete understanding among the parties regarding the matters herein.

6.      If one or more provisions of this Consent Decree are deemed or rendered unlawful or unenforceable, the parties shall attempt to meet and confer in good faith to decide whether and how such a provision shall be amended to effectuate its purpose.   In any event, the unaffected provisions of the Decree will remain enforceable.

7.     The parties agree to take all steps necessary to carry out the terms of this Consent Decree.

## DEFINITIONS

8.     The following definitions apply herein:

A.     "Defendants" means and refers collectively to the Defendants, Vantage Energy Services, Inc., and Vantage International Management Company Pte. Ltd., and their predecessors, successors, assigns, and agents.

B.     "EEOC" means the Plaintiff, the U.S. Equal Employment Opportunity Commission, an agency of the United States.

C.     "Parties" means the EEOC and Defendants.

D.     "Charge" or "charge of discrimination" means Mr. Poston's charge of discrimination, No. 461-2015-00786

E.     "Mr. Poston" means David R. Poston, the charging party who filed the charge of discrimination.

F.     "Days" means calendar—not business—days.

G.     "Effective date" or "date of entry" means the date the Court enters this Decree.

H.     "Court" refers to the United States District Court for the Southern District of Texas, Houston Division.

I.     "Consent Decree" and "Decree" mean this order.

J.     "Liaison" means the representative appointed by Defendants to ensure their compliance with the terms of this Decree and to act on Defendants' behalf and with their authority with respect to the terms of the Decree.

K.    "Employee" means any employee of Defendants who is protected from discrimination under Section 102 of the ADA (42. U.S.C. § 12112).

L.    "Settlement Amount" means the total amount payable to Mr. Poston of $54,540.00.

## DURATION

9.    This Consent Decree will remain in effect for a period of three years from the date of its entry.

## SCOPE

10.    This Decree applies to all facilities operated by Defendants that employ "Employees" as defined herein.

## PROHIBITIONS

11.    While this Consent Decree is in effect, Defendants are hereby enjoined from unlawfully discriminating against any Employee on the basis of disability. Defendants are hereby enjoined from engaging in any adverse employment action against Employees, including discharging Employees, on the basis of their actual or perceived disability.    Defendants, their officers, agents, employees, successors, assigns and all persons acting in concert with it, are enjoined from:

> i.    Discriminating against an Employee because of an actual or perceived disability, including discharging the employee in violation of the ADA.

> ii.    Refusing to make a reasonable accommodation for an Employee with a disability, in violation of the ADA.

iii.   Retaliating against an Employee who: (1) has filed or files this or any other charge of discrimination; (2) has participated or participates in any other investigation or litigation; (3) has assisted or assists with this or any other investigation or litigation; (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation; (5) has received or receives relief or damages as a result of this or any other investigation or litigation, in violation of the ADA.

iv.   Interfering with an Employee's or former Employee's efforts to obtain subsequent employment because the individual: (1) has filed or files this or any other charge of discrimination; (2) has participated or participates in this or any other investigation or litigation; (3) has assisted or assists with this or any other investigation or litigation; (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation; (5) has received or receives relief or damages as a result of this or any other investigation or litigation.

PAYMENTS

12.   Defendants shall pay the Settlement Amount of $54,540 to Mr. Poston in the manner described below.

6

13.     Defendants acknowledge that the Settlement Amount is a debt owed to and collectible by the United States.

14.     Mr. Poston's executed Release of Claims, in which he has, in consideration for receipt of the Settlement Amount, agreed to waive his right to recover for any claims of disability discrimination under the ADA that accrued before the date of the release and that were included in the claims alleged in the Lawsuit, is appended to this Decree as **"Exhibit A"** and incorporated herein.

15.     Within 30 days of entry of this Decree, Defendants shall mail the following by certified U.S. Mail to the address provided by the EEOC:

A.      One check made payable to David R. Poston in the amount of $27,270.00 designated as wages for back pay from which applicable payroll taxes and withholdings shall be made and for which an Internal Revenue Service Form W-2 shall be issued; and

B.      One check made payable to David R. Poston in the amount of $27,270.00 designated as damages pursuant to 42 U.S.C. § 1981a for which an Internal Revenue Service Form 1099 shall be issued.

16.     Defendants shall make payroll tax withholdings from the backpay amounts. Defendants shall not make withholdings from the Section 1981a damages amounts.   Any withholdings shall be itemized in statements accompanying the payments.

17.     Within 5 days of sending the checks to Mr. Poston, Defendants shall send a copy of the checks to the EEOC in the manner specified for notice under this Decree.

18.     Defendants on their own or through its designee, shall timely send all appropriate U.S. Internal Revenue Service forms to Mr. Poston via regular U.S. mail at the address provided by the EEOC.

## NON-MONETARY RELIEF

19.     Upon third-party inquiry about Mr. Poston's employment, Defendants will disclose only Mr. Poston's dates of employment, position held, and that it is Defendants' policy to provide only this information.

20.     Defendant shall exclude from Mr. Poston's personnel file, segregate, and keep confidential all documents, records, and information, whether electronic or otherwise, relating to the reasons for his termination, his Charge of Discrimination, this Decree, and the lawsuit underlying this Decree.

## LIAISON

21.     Within 15 days of the entry of this Decree, Defendants shall designate a liaison, and within 15 days of the removal, resignation, or incapacitation of that or a subsequent liaison, Defendants shall designate another liaison.  The liaison shall be a human resources manager or a member of Defendants' legal department who possesses the knowledge, capability, and resources to ensure that Defendants comply with the terms of the Consent Decree.

22.     Defendants shall designate the liaison by providing the EEOC with a resume, curriculum vitae, or similar profile of the proposed liaison.  Within 15 days

of receiving such notice, the EEOC will notify the Defendants if it has any objection to the proposed liaison.

23.     Within 45 days of designating a liaison, Defendants will provide the liaison with a one-hour training session on the terms of the Decree.  Within 15 days of the training session, Defendants shall provide the EEOC with a declaration by the liaison affirming that the liaison attended the training session and is familiar with the terms of the Consent Decree.

24.     The trainer for the liaison shall be an attorney with at least 5 years of employment discrimination experience.  Within 15 days of designating a liaison, Defendants shall provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials for the training.  The EEOC may reject the trainer, the outline, or the materials within 15 days.  If it does so, Defendants shall provide the EEOC with the name and resume of a new trainer, a new outline for the training, or new materials for the training, as necessary, within seven days.

TRAINING

25.     Within 60 days of the entry of the Decree and at least 60 days before each anniversary of the entry of the Decree, Defendants shall provide each of their managers, supervisors, and human resources personnel, who supervise or provide human resources support to Employees covered by Title I of the ADA, with a two-hour training advising them of the requirements and prohibitions of the various anti-discrimination laws and regulations enforced by the EEOC, with an emphasis on Defendants' duties and obligations under the ADA.

9

26.     Within 180 days of the entry of the Decree and at least 60 days before each anniversary of the entry of the Decree, Defendants shall provide each of their non-managerial and non-supervisory Employees covered by Title I of the ADA with a two-hour training advising them of the requirements and prohibitions of the various anti-discrimination laws and regulations enforced by the EEOC, with an emphasis on Defendants' duties and obligations under the ADA.

27.     The training sessions referenced in Paragraphs 25 and 26 of this Decree shall  include at least the following:

A.     The purpose and fundamentals of the ADA

B.     Examples of disability-based discrimination.

C.     Examples of retaliation (including examples of protected activity).

D.     Employees' and applicants' rights under the ADA.

E.     Defendants' responsibilities under the ADA.

F.     Procedure for reporting discrimination and retaliation to Defendants.

G.     Procedure for reporting discrimination and retaliation to the EEOC.

H.     Notice that any employee who engages in prohibited employment discrimination or permits any such conduct to occur under his or her supervision will be disciplined, up to and including discharge.

28.     The training sessions referenced in Paragraphs 25 and 26 of this Decree shall be in person, or via live videoconference in which all participants are able to

simultaneously hear and see the presenter (and any slides), and the presenter is able to simultaneously hear and see all participants, and in which participants are able to ask questions and the trainer is able to provide contemporaneous answers.

29.     At least 30 days before each training session referenced in Paragraphs 25 and 26 of this Decree, Defendants shall provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials for the training. The trainer shall be an attorney with at least five years of employment discrimination law experience. If the EEOC believes any changes need to be made to the proposed training, it will provide Defendants a written explanation within 10 days. Defendants agree to implement any EEOC-recommended changes

30.     Within 14 days after each training session referenced in Paragraphs 25 and 26 of this Decree, Defendants shall provide the EEOC a declaration by the liaison confirming the training took place and listing dates of training and all attendees by name and job title.

## POLICIES

31.     Beginning within 60 days from the entry of this Decree, Defendants shall enforce a non-discrimination policy that, at a minimum, meets the following criteria:

A.     Shall prohibit discrimination, harassment, and retaliation against any Employee and/or applicant in violation of the ADA.

B.     Shall prohibit any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any Employee and/or applicant in violation of the ADA.

C.      Shall provide a process for Employees and applicants to report or complain about discrimination, harassment, and retaliation prohibited by the ADA.

D.      Shall provide that Defendants will provide any Employee who reports or complains about disability discrimination or retaliation under the ADA with periodic updates regarding the status of the investigation into the report or complaint and will provide the Employee with notice of any resolution.

E.      Shall provide that anyone who engages in retaliation prohibited by the ADA will be disciplined, up to and including discharge.

F.      Shall provide that anyone who engages in prohibited employment discrimination or permits any such conduct to occur under his or her supervision will be disciplined, up to and including discharge.

32.     Defendants shall disseminate the non-discrimination policy to all current Employees within 180 days from the entry of this Decree and make the same available on any intranet site maintained for employees.  The communication that shall accompany distribution of the non-discrimination policy shall affirm Defendants' commitment to abide by the obligations set forth under the ADA and shall contain the title and contact information of the personnel designated to take complaints of discrimination.  Defendants shall disseminate the non-discrimination policy and letter to any Employee hired during the effective period of this Decree within 30 days from the date of hire.

33.     Within 14 days after dissemination of the non-discrimination policy to current Employees, Defendants shall provide the EEOC a declaration by the Liaison confirming that the policy has been disseminated and listing all recipients by name and job title.

## POSTINGS

34.     Within 10 days of the entry of this Decree, Defendants shall post a Notice to Employees, attached hereto as "**Exhibit B**," enlarged to at least 11 by 17 inches, in all facilities in the place where other notices to Employees and/or applicants are customarily posted.  It shall remain there for the duration of this Decree.

## NO RETALIATION

35.     Defendants shall not retaliate against any person because of their opposition to any practice unlawful under the ADA in connection with this matter or because of the filing of the instant charge; their giving of testimony or assistance; or their participation in any manner in the instant investigation or related proceedings.

## REPORTS

36.     Within 45 days after the first anniversary of the entry of the Decree and at least 30 days before each subsequent anniversary of the entry of the Decree, Defendants shall, through the Liaison, provide the EEOC with a report containing, but not limited to, the following:

A.     A declaration by the Liaison affirming that Defendants have complied with all terms of the Decree or, if they have not, explaining why they have not and how they will remedy its failure to comply.  The declaration shall

itemize all steps taken under this Consent Decree since the entry of the Decree or the submission of the prior report, whichever is later.

B.     All anti-discrimination, anti-harassment, and anti-retaliation policies enacted, modified, or revoked since the last report.

C.     A list of all Employees who received training required under this Decree containing the employees' names, job titles, facility, and the date that they received the training.

D.     A list of all Employees who did not receive training required under this Decree containing the employees' names, job titles, and facility.

E.     All materials related to any report or complaint, formal or informal, asserting discrimination by any Defendant on the basis of disability.

F.     All materials related to any investigation or resolution of any report or complaint, formal or informal, asserting discrimination by any Defendant on the basis of disability.

## RECORDS

37.    Defendants shall preserve and maintain all materials, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

38.    Defendants shall preserve and maintain all materials, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

39.     Defendants shall comply with the recordkeeping and reporting requirements under federal law, including those contained in the statutes and regulations enforced by the EEOC.   The express recordkeeping and reporting obligations imposed by this Decree do not constitute any waiver or obviation of any recordkeeping and reporting requirements imposed by law.

## COMMUNICATION

40.     Defendants shall send all communications (including, but not limited to, all notices, reports, information, declarations, etc.) related to or required by this Decree to the EEOC through the Liaison or Defendants' attorneys of record via email to **all** of the following addresses:

lloyd.vanoostenrijk@eeoc.gov

lashea.williams@eeoc.gov

(The EEOC may, from time to time, unilaterally add or remove addresses from this list or alter the method by which it seeks to receive such communications.)  The EEOC shall acknowledge via email (or regular United States mail) its receipt of each such communication. Only an acknowledgment from the EEOC via email (or regular United States mail) constitutes proof of receipt of such communications.

## SUCCESSORS

41.     Defendants shall provide notice to the EEOC and shall provide a copy of this Decree to any natural or legal person acquiring, merging with, or becoming an owner of any Defendant at least 90 days prior to the effectiveness of such acquisition, merger, or ownership.

ENFORCEMENT

42.    The EEOC may seek immediate relief at any time from the Court if any Defendant fails to comply with any term of the Decree.  If the EEOC requests such relief and the Court determines that a Defendant failed to comply with any such term, the Court shall enforce the terms of the Decree and take any other action the Court deems necessary and appropriate.


**THUS DONE AND SIGNED,**

In Houston, Texas, this ___20th___ day of ___December___ , 2021.


_____
LYNN N. HUGHES
UNITED STATES DISTRICT JUDGE